UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DE'AMONTAE MANNING, | : Case No. 1:22-cv-371 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Kimberly A. Jolson |
| RONALD ERDOS, et al., | : |
| Defendants. | : |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner currently at the Toledo Correctional Institution, has filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a notice (Doc. 6), raising supplemental claims and factual allegations, which the Court construes as a motion to supplement the original complaint.

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because defendants have not yet been served in this action, no defendant has answered plaintiff's original complaint or filed a motion under Rule 12. Thus, plaintiff may amend his complaint as a matter of course and his motion to amend (Doc. 6) is hereby **GRANTED**. *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (holding that "Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served").

This matter is before the Court for a *sua sponte* review of the complaint, as supplemented, to determine whether the complaint, or any portion of it, should be dismissed because it is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits;

"'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against defendants their individual and official capacities. (*See* Doc. 1 at PageID 5). Based on the factual allegations below, plaintiff claims that defendants violated his rights under the First and Eighth Amendments to the United States Constitution. As noted above, plaintiff has also filed a supplemental amended complaint, containing additional allegations that defendants Fuller, Lawrence, Mullenix, Sparks, Tiulin, and Henderson have retaliated against him for filing lawsuits. (*See* Doc. 6).

Plaintiff first alleges that his First Amendment rights were violated in connection with his observance of Ramadan while at the Southern Ohio Correctional Facility. (Doc. 1 at PageID 6). Plaintiff claims that he received an Ohio Department of Rehabilitation and Correction (ODRC) Ramadan menu with a starting and ending date of April 4, 2022 and May 2, 2022. Noting that Ramadan began on April 2, 2022, plaintiff claims he informed prison authorities and was advised to receive all standard meals and hold them until after sunset. Plaintiff claims that on the evening of April 1, 2022 he was supposed to receive a breakfast bag meal to eat before sunrise on April 2, 2022, but that he did not receive his meal. He further claims that he also did not receive his meal— a double portion to accommodate for lunch and dinner—on the evening of April 2, 2022. Plaintiff indicates that he only received a breakfast bag meal on the evening of April 2, 2022. According to plaintiff, defendant Justin Thuma is the supervisor over all meals. (*Id.*).

Plaintiff next alleges that his Eighth Amendment rights were violated in connection with his April 23, 2022 placement in solitary confinement. (*Id.* at PageID 7). Plaintiff claims that on

4

that date defendant officers Jeremy Groves and Ryan Keeney placed him in a cell with no sheets, blankets, socks, towels, washcloth, hygiene products, or other property. According to plaintiff, the cell had built up feces in the toilet and on the walls, smoke damage, urine on the floor, and a mattress contaminated with mace. Plaintiff claims he requested cleaning supplies from defendants Siney Harris, Groves, and Keeney, but was denied. He alleges that defendants Harris, Groves, and Keeney were all aware of the conditions of the cell, deliberately ignored his complaints regarding his cell placement, and left him in the contaminated cells for five days.

Plaintiff filed informal complaints concerning the above incidents, which are attached to the complaint along with disposition of grievance forms. (*See id.* at PageID 10–17). Without factual elaboration, plaintiff claims that defendant Linnea Mahlman—who signed the disposition of grievance forms—denied him access to the grievance procedure and attempted to cover up the conduct of other officers. (*Id.* at PageID 5).

Plaintiff alleges that as the warden of SOCF, defendant Ronald Erdos was responsible for all action of the employed officers. (*Id.*).

In the supplemental amended complaint, plaintiff claims that he has been retaliated against by several officers for initiating lawsuits. (*See* Doc. 6). According to plaintiff, on August 31, 2022, defendant officer Fuller deprived plaintiff of a mental health examination so that plaintiff would be placed on continuous observation. (*Id.* at PageID 61). Plaintiff claims that after denying plaintiff the examination Fuller laughed and stated that now plaintiff would not have access to incoming documents regarding his pending civil lawsuit. Plaintiff further alleges that defendant officer Lawrence threatened him, took property from him (including legal documents), and told other officers and inmates that plaintiff is a snitch. (*Id.* at PageID 62).

On September 8, 2022, plaintiff claims he was assaulted by defendants officers Mullenix and Sparks. Plaintiff asserts that these officers, in addition to defendants Lawrence and Tulin, told him that they would prevent him from accessing the prison grievance process in an effort to preclude him from filing lawsuits. After reporting the institutional inspector about these issues, plaintiff claims defendants Lawrence, Tiulin, and Henderson threatened to assault him, take his property, file false conduct reports against him, harass him until plaintiff reciprocated, and take documents from him pertaining to his lawsuits.

As relief, plaintiff seeks monetary damages. (Doc. 1 at PageID 9).

**C. Analysis.**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment deliberate indifference claims for damages against defendants Harris, Groves, and Keeney in their individual capacities. Out of an abundance of caution, plaintiff may also proceed at this juncture with his First Amendment retaliation claim against defendants Fuller, Lawrence, Sparks, Tiulin, Mullenix, and Henderson for damages in their individual capacities.

Plaintiff's remaining claims against defendants should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, plaintiff's claims against defendants in their official capacities must be dismissed to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v.*

6

*Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the defendants are immune from suit in their official capacities.

Ronald Erdos should be dismissed as a defendant to this action. Plaintiff seeks to hold this defendant liable for the conduct of subordinates or for failure to take corrective action. (*See* Doc. 1 at PageID 5). To the extent that plaintiff names the Warden as a defendant based on his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that

7

defendant is the SOCF Warden and failed to take corrective action is not enough to impose liability on this defendant under section 1983.

The complaint should also be dismissed as to defendant Linnea Mahlman. Plaintiff's claims against Mahlman brought in connection with the grievance process cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). *See e.g., ., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, to the extent that plaintiff seeks to hold Mahlman liable in connection with the grievance process, his claim should be dismissed for failure to state a claim upon which relief may be granted.

The amended complaint also contains allegations that defendants Fuller, Lawrence, Sparks, Tiulin, Mullenix, and Henderson deprived him of due process in connection with the grievance process. (*See* Doc. 6 at PageID 61–62). The Court has permitted plaintiff to proceed with a First

8

Amendment retaliation claim against these defendants. However, for the reasons stated above, to the extent that plaintiff seeks to hold these individuals liable based on an independent claim that defendants deprived him of his due process rights or otherwise interfered with his grievances he has failed to state an actionable claim.

Plaintiff has also failed to state a First Amendment access to courts claim against the defendants named in the amended complaint based on his allegation that defendants "denied [him] access to the grievance procedure to start the process of a civil suit." (Doc. 6 at PageID 62). While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").

Finally, defendant's allegations concerning his meals during Ramadan are insufficient to state a claim upon which relief may be granted. To start, plaintiff has not alleged that any named defendant denied him meals. Plaintiff instead names defendant Thuma because he claims he is the "supervisor of all meals [and] therefore [is] liable and responsible." (Doc. 1, Complaint at PageID 6). As noted above, however, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell,* 436 U.S. 658 (1978); *Hill,* 962 F.2d at 1213).

In any event, plaintiff's allegations do not rise to the level of constitutional violation. The Ohio Department of Rehabilitation and Correction (ODRC) policy statement on Muslim religious practices contains the institutional procedures regarding Ramadan. The directive provides that

observing inmates will fast and take no meals during the day between sunrise and sunset; that such inmates will be provided two meals per day, consisting of one in the morning before the fast begins and one in the evening at the end of the day's fast; and that the meals shall have sufficient caloric nutritional level to meet the daily department dietary standards. *See* ODRC Pol. No. 72-REG-12.

Plaintiff has failed to state a claim upon which relief may be granted to the extent that he claims defendant Thuma violated ODRC policy. In grievances attached to the complaint, plaintiff complains that meals during Ramadan have been contrary to the relevant guidelines. (*See id.* at PageID 15). According to the grievance, this includes "low portions, late services, wrong servings & etc." (*Id*.) However, "[a]n alleged failure to comply with an administrative rule or policy does not rise to the level of a constitutional violation." *Robison v. Coey*, No. 2:15-CV-944, 2015 WL 5437175, at *10 (S.D. Ohio Sept. 14, 2015) (citing *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007)) (Report and Recommendation), *adopted*, 2015 WL 6164113 (S.D. Ohio Oct. 21, 2015).

Plaintiff has also failed to state a claim upon which relief may be granted to the extent that Thuma was negligent in implementing the Ramadan meal plan. (*See* Doc. 1 at PageID 6). To state a viable claim under § 1983, plaintiff must allege that he was deprived of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Mere negligence is insufficient to state a claim of constitutional dimension under § 1983. *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom,* 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983").

The undersigned notes that plaintiff has not alleged that the Ramadan meal plan deprived him of adequate nutrition, impacted his health, or otherwise violated his Eighth Amendment rights. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (finding that the discomfort experienced by a prisoner when some meals are denied over as short period of time does not rise to the level of an Eighth Amendment violation where the prisoner continues to receive adequate nutrition); *Price v. Jones*, Case No. 1:12-cv-360, 2012 WL 1854299, at *4 (S.D. Ohio May 4, 2012) (Report and Recommendation) (Dlott, J.; Litkovitz, M.J.) (recommending dismissal of Eighth Amendment claim based on the plaintiff's failure to allege that his health suffered as a result of alleged inadequacies in the prison meal plan), *adopted* 2012 WL 2269265, at *1 (S.D. Ohio June 18, 2012).

Plaintiff's allegations otherwise do not rise to the level of a constitutional violation. "Under § 1983, 'a prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001)). The prisoner must also show that the challenged conduct infringes upon his sincerely held beliefs. *Kent v. Johnson*, 821 F.2d 1220, 1225 (6th Cir. 1987). "A practice will not be considered to infringe on a prisoner's free exercise unless it 'place[s] a substantial burden on the observation of a central religious belief or practice.'" *Blair v. Thompson*, No. 5:16-cv-P35, 2017 WL 161638, at *10 (W.D. Ky. Jan. 13, 2017) (quoting *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989)). An action imposes a substantial burden "when that action forced an individual to choose between 'following the precepts of [his] religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Barhite*, 377 F. App'x at 511 (quoting *Living*

*Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007)). If the plaintiff makes these showings, "[t]he next step in the proper analysis is to inquire whether the challenged practice of the prison officials furthers some legitimate penological objective." *Kent*, 821 F.2d at 1225.

As noted above, in this case plaintiff claims that he was not provided with a breakfast bag meal before sunrise or lunch/dinner portion meal on April 2, 2022. (*See* Doc. 1 at PageID 6). Plaintiff's allegations fail to rise to the level of a substantial burden under the First Amendment. *See Cisse v. Annucci*, Case No. 9:22-cv-156, 2022 WL 1183274, at *5 (N.D.N.Y. Apr. 21, 2022) ("The complaint in this case fails to describe how missing two meals during Ramadan affected any central tenant of plaintiff's religion or that it otherwise substantially burdened his ability to practice his religion or continue fasting during Ramadan."); *Omar v. Casterline,* 414 F.Supp.2d 582, 593 (W.D.La. 2006) (dismissing free exercise claim that a correctional officer refused to serve the plaintiff meals during Ramadan after sunset on three occasions). *See also Joseph v. Ware*, Case No. 07-1297, 2007 WL 4144923, at *2-3 (W.D.La. Oct. 22, 2007) (collecting cases). Because plaintiff's allegations are insufficient to suggest that defendant Thuma—the only named defendant with respect to the Ramadan meal plan—substantially burdened his observation of Ramadan or religious practice, plaintiff's First Amendment claim should be dismissed.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment deliberate indifference claims for damages against defendants Harris, Groves, and Keeney in their individual capacities, as well as his First Amendment retaliation claims against defendants Fuller, Lawrence, Sparks, Tiulin, Mullenix, and Henderson for damages in their individual capacities. However, plaintiff has failed to provide service copies of the complaint, summons, and U.S. Marshal forms for service on several defendants. It is therefore **ORDERED** that plaintiff, **within thirty (30)**

12

**days** of the date of this Order, submit a copy of the complaint and completed summons and U.S. Marshal form for defendants Fuller, Lawrence, Sparks, Tiulin, Mullenix, and Henderson. Once the Court receives the requested forms and service copies, the Court will order service of process by the United States Marshal.

Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), with the exception of plaintiff's First Amendment retaliation claims against defendants Fuller, Lawrence, Sparks, Tiulin, Mullenix, and Henderson for damages in their individual capacities and his Eighth Amendment deliberate indifference claims for damages against defendants Harris, Groves, and Keeney in their individual capacities.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff, **within thirty (30) days** of the date of this Order, submit a copy of the complaint and completed summons and U.S. Marshal form for service defendants Fuller, Lawrence, Sparks, Tiulin, Mullenix, and Henderson. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

2. The Clerk of Court is **DIRECTED** send to plaintiff a summons form, a United States Marshal form, and a copy of the complaint (Doc. 1) and supplemental complaint (Doc. 6) for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## NOTICE REGARDING OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

15

Date: October 17, 2022 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE