UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

De'Amontae Manning,

    Plaintiff,

    v.

Ronald Erdos, et al.,

    Defendants.

Case No. 1:22-cv-371

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's May 30, 2023 Report and Recommendations ("R&R") recommending that Plaintiff's Motion for Temporary Restraining Order (Doc. 26) be denied; and Order denying Plaintiff's Motion to Appoint Counsel (Doc. 30).  Plaintiff filed objections to the R&R.  (Doc. 32)

### I. BACKGROUND

Plaintiff is a prisoner at Toledo Correctional Institution.  He brings his claims *pro se*.  Plaintiff brings claims for deliberate indifference under the Eight Amendment and retaliation under the First Amendment.  Plaintiff seeks an order from this court restraining ongoing retaliatory harassment related to this case.  Specifically, Plaintiff claims that Defendants have delayed or destroyed his mail; and denied him showers and recreation.  The Magistrate Judge found that at this early stage of the litigation, Plaintiff had not adduced sufficient facts to show a strong likelihood of demonstrating a causal connection between any harassment and his litigation.  The Magistrate Judge also found that Plaintiff has not demonstrated irreparable harm.  The Magistrate Judge explained that delay or interference with Plaintiff's mail has not affected the present litigation.

## II. ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

In his objections, Plaintiff explains he requested recordings of delayed mail received from Attorney General David Yost. Plaintiff explains that he does not have access to legal materials; and has been denied medical treatment, out of cell privileges, recreation and access to showers. However, Plaintiff does not connect these things to his claim of retaliation under the First Amendment. Moreover, Plaintiff had not identified any irreparable harm. As one district court has explained:

> The moving party must show that irreparable harm is "both certain and immediate, rather than speculative or theoretical." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). *See also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). "[A] mere possibility of irreparable harm is insufficient to justify the

drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins.*, 934 F.2d 30, 34 (2d Cir. 1991).

*Kensu v. Borgerding*, No. 16-13505, 2018 WL 4854677, at *4 (E.D. Mich. July 3, 2018), report and recommendation adopted, No. CV 16-13505, 2018 WL 3387247 (E.D. Mich. July 12, 2018). The Court finds no error in the Magistrate Judges finding that Plaintiff has not identified harm which is irreparable.

### III.  CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's May 30, 2023 R&R (Doc. 32) is **ADOPTED**, and Defendant's Objections are **OVERRULED**. It is hereby **ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

                                                             */s/ Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT